**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-CV-23043-BB

ANA BETHENCOURT and
EUBERT BETHENCOURT
as Parents and legal guardians
of S.B., a minor child,

     Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

     Defendant.

_____/

## <u>AMENDED COMPLAINT</u>

Plaintiffs, ANA BETHENCOURT and EUBERT BETHENCOURT, as Parents and legal guardians of S.B., a minor child hereby sue CARNIVAL CORPORATION and allege:

### PRELIMINARY ALLEGATIONS

1. Plaintiff, S.B, (hereafter "S.B." or "Plaintiff") and her parents Ana and Eubert Bethencourt are citizens of New York.

2. Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, (hereafter "CARNIVAL" or "Defendant") is a corporation incorporated under the laws of Panama with its principal place of business and worldwide headquarters in Miami, Florida, and is thus a citizen of Florida.

3. The court has admiralty jurisdiction over this matter in accordance with 28 U.S.C. § 1333.

4. At all times material hereto, Defendant, personally or through an agent:

a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

f. Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard its vessels.

5. At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

6. At all times material hereto, the causes of action asserted in this Complaint arise under the general maritime law of the United States.

7. This matter is being filed in the United States District Court for the Southern District of Florida in Miami-Dade County, Florida, as required by the forum selection clause contained within the cruise ticket contract issued by Defendant.

**FACTS COMMON TO ALL COUNTS**

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, *Horizon* ("the vessel").

9. At all times material hereto, Defendant had exclusive custody and control of the vessel.

10. On or about August 19, 2023, Plaintiff was a paying passenger on the vessel, which was in navigable waters.

11.     On or about August 19, 2023, Plaintiff was at Dr. Seuss Water Park on Deck Twelve (12) of the vessel, which is a pool deck with various pools, jacuzzies, and water slides.

12.     On or about August 19, 2023, S.B was caused to slip and fall due to the defectively dangerous and unreasonably slippery floor.  The floor was far more slippery than would be expected and the nature of the slipperiness was not observable or ascertainable through the exercise of the senses.

13.     CARNIVAL knew or should have known that the floor in the subject area was unreasonably slippery when wet because, upon information and belief, numerous prior similar slip and fall incidents have occurred throughout Deck Twelve (12) in the same area.

14.     CARNIVAL knew or should have known that the deck floors, pathways and stairwells were unreasonably slippery when wet because, upon information and belief, coefficient of friction testing has been conducted on that floor and CARNIVAL learned of the results demonstrating slipperiness and lack of safe coefficient of friction.

15.     Prior to Plaintiff's slip and fall incident, there were many substantially similar slip and fall incidents that provided CARNIVAL with notice of the dangerous condition on the *Horizon* deck:

   a.  A passenger named Kristopher Cudzilo fell in the same area on April 14, 2022.

   b.  A passenger named Andrew Nabors slipped and fell in the same area on May 24, 2022.

   c.  A passenger named Natalia Bercante slipped and fell in the same area on November 21, 2022.

   d.  A passenger named Alvin Scott slipped and fell in the same area on May 26, 2023.

16.     At least three (3) CARNIVAL cruise ships are outfitted with a substantially similar configuration of Deck Twelve (12) (*Carnival Horizon*, *Carnival Vista,* and *Carnival Panorama*).

These same class vessels have the same design, layout, and flooring material, and prior slip and fall incidents have occurred in substantially similar fashion to Plaintiff's incident on these vessels on the same or substantially similar flooring.

17. Prior to Plaintiff's slip and fall incident, there were many substantially similar slip and fall incidents that provided CARNIVAL with notice of the dangerous condition on the *Carnival Vista* deck, these prior incidents on a sister ship demonstrate notice:

    a. A passenger named Michelle Russell slipped and fell in the same area on June 29, 2017

    b. A passenger named Patricia Strom slipped and fell in the same area on December 26, 2017.

    c. A passenger named Brook Antonio slipped and fell in the same area on March 17, 2018.

    d. A passenger named Bonnie Pagan slipped and fell in the same area on August 23, 2019.

    e. A passenger named Maria Hamlin slipped and fell in the same area on April 8, 2022.

    f. A passenger named Linda Battise slipped and fell in the same area on September 14, 2022.

18. Prior to Plaintiff's slip and fall incident, there were many substantially similar slip and fall incidents that provided CARNIVAL with notice of the dangerous condition on the *Carnival Panorama* deck, these prior incidents on a sister ship demonstrate notice:

    a. A passenger named Kip Farabaugh slipped and fell in the same area on March 21, 2022.

    b. A passenger named Rosa Mien slipped and fell in the same area on April 16, 2022.

    c. A passenger named Robert Rosario slipped and fell in the same area on September 13, 2022.

    d. A passenger named Irma Garza slipped and fell in the same area on January 3, 2023.

e. A passenger named Sandra Chavez slipped and fell in the same area on April 26, 2023.

f. A passenger named Cierra Harwell slipped and fell in the same area on September 17, 2023.

g. A passenger named Dan Fang Li slipped and fell in the same area on September 24, 2023.

19. CARNIVAL is charged with notice from the aforementioned prior similar incidents.

20. In addition to notice via prior incidents of slip and fall, upon information and belief, CARNIVAL has also received numerous passenger complaints and comments about the slippery nature of the subject flooring.

21. Surrounding Deck Twelve (12) near where the incident occurred CARNIVAL has posted several signs warning guests of the hazards of slipping on the flooring.

22. These corrective actions demonstrate CARNIVAL's notice of the dangerous condition of the deck flooring of Deck Twelve (12)

23. CARNIVAL also posts numerous crewmembers at or near the deck's pools and other attractions. These crewmembers would have had a line of sight to where the incident occurred, and CARNIVAL is charged with notice by the proximity of these crewmembers to the area of the incident.

24. CARNIVAL had notice that the area where Plaintiff fell had a reasonable tendency to become slippery because of water.

25. CARNIVAL had actual or constructive knowledge that the flooring where Plaintiff fell could be slippery and therefore dangerous.

26. CARNIVAL knew or should have known that the dangerous condition existed because of the prior incidents and its own corrective actions (warnings) and should have addressed

the situation and made the condition safe. Instead of fixing a knowingly dangerous condition CARNIVAL permitted the defectively dangerous configuration to remain.

27. Plaintiff was unaware of the extremely and unreasonably slippery nature of the flooring, pathways and stairwells, which could not be perceived or appreciated with the naked eye or through the use of one's normal faculties until it was too late.

28. The danger associated with the slippery nature of the floor was not open and obvious.

29. S.B. unexpectedly slipped and fell while walking on the unreasonably slippery stairwell on Deck Twelve (12). She was walking safely and properly at the time she fell and was unaware of the unreasonably slippery nature of the floor.

30. S.B. was seriously injured as a direct and proximate result of CARNIVAL's negligence. She suffered injuries to her left leg.

### COUNT I – NEGLIGENT FAILURE TO WARN

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

31. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

32. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

33. On or about August 19, 2023, Plaintiff was on Deck Twelve (12) aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

34. On or about August 19, 2023, Defendant and/or its agents, servants and/or employees breached its duty to warn Plaintiff through the following acts and/or omissions:

a. Failing to warn passengers and Plaintiff of the wet, slippery and/or hazardous condition of the subject area;

b. Failing to warn passengers and Plaintiff of the risks and/or dangers associated with the wet, slippery and/or hazardous condition of the subject area;

c. Failing to warn passengers and Plaintiff of other slip-and-fall incidents previously occurring in same area, same deck and/or same flooring surface;

d. Failing to provide passengers and Plaintiff with adequate, sufficient, and meaningful warnings commensurate with the degree of risk and high prevalence of prior slip and falls incidents in the vicinity;

e. Failing to post or display warnings in locations that are readily visible to passengers and Plaintiff in order to effectively communicate the warning and its contents;

f. Failing to warn, instruct, or advise of the unreasonably slippery nature of the subject area, which is not perceivable to the naked eye.

g. Failing to warn and/or instruct passengers as to appropriate footwear to use while on Deck Twelve (12).

35. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff would not have walked on the wet, slippery and/or hazardous flooring surface had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to Plaintiff.

36. At all times material hereto, the surface of the subject area was wet, slippery and/or hazardous and unreasonably dangerous and unreasonably slippery.

37. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This

7

knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the subject area and/or through prior incidents involving passengers injured on the same or similar flooring surface.

38. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT II – NEGLIGENT FAILURE TO MAINTAIN

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirty (30) as though alleged originally herein.

39. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

40. At all times material hereto, it was the duty of Defendant to maintain the area of Deck Twelve (12) in a reasonably safe condition.

41. On or about August 19, 2023, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

    a. Failing to regularly and adequately inspect subject area to determine whether it was wet, unreasonably slippery and/or hazardous;

b. Failing to regularly and adequately clean the subject area to make the flooring less wet and slippery;

c. Failing to maintain the flooring, pathways, and stairwells on Deck Twelve (12) so not to present an unreasonably dangerous hazard to unsuspecting guests;

d. Failing to maintain the flooring pathways, and stairwells on Deck Twelve (12) in a reasonably safe condition in light of the anticipated use of the area;

e. Failing to maintain the subject flooring pathways, and stairwells surface in a reasonably safe condition if/when the floor became wet, slippery and/or hazardous, including, but not limited to, closing off the areas that were dangerously slippery, placing signage to caution passengers of hazardous areas, and/or directing passengers to alternative, safe areas;

f. Permitting the deck to remain wet and invite a slip and fall injury as a result;

g. Failing to close off the wet slippery and/or hazardous areas on Deck Twelve (12);

h. Failing to correct hazardous conditions following other slip-and-fall incidents on the same area, same deck and/or same flooring, pathways, and stairwells surface;

i. Failing to utilize reasonably safe flooring, pathways, and stairwells surface in light of the anticipated purpose of the deck;

j. Failing to have a non-slip or non-skid flooring, pathways, and stairwells surface on or around the subject area;

k. Failing to place rubber mats or other non-slip coverings on or around the subject area;

l. Failing to adequately test the coefficient of friction and slip resistance of the flooring surface before opening it up to passengers and Plaintiff;

m. Negligently permitting water to remain on the floor, pathways, and stairwells creating danger and a slipping hazard;

n. Failing to fix or replace the deck flooring, pathways, and stairwells upon learning that it lacked a proper and safe coefficient of friction.

42. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

43.     At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the subject area and/or through prior incidents involving passengers injured on the same or similar flooring surface.

44.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

**DATED**: September 25, 2024

Respectfully submitted,

**Thomas D. Graham, Esq.**
**Eric J. Mausner, Esq.**
**Justin M. Guido, Esq.**
*Attorneys for Plaintiff*
MAUSNER GRAHAM INJURY
LAW PLLC
25 SE 2nd Avenue, Suite 808
Miami, Florida 33131
P: (305) 344-4878
F: (305) 800-8677
justin@mginjuryfirm.com

joan@mginjuryfirm.com
eservice@mginjuryfirm.com

By: /s/ *Justin M. Guido*
**JUSTIN M. GUIDO, ESQ.**
Florida Bar No. 109106