UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-23043-BB

ANA BETHENCOURT and
EUBERT BETHENCOURT as
Parents and legal guardians of S.B., a
minor child,

     Plaintiffs,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

     Defendant.

_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiffs' Amended Complaint [ECF No. 9], and states as follows*:

### ANSWER

1.    Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2.    Admitted for purposes of this litigation only that this Court maintains personal jurisdiction over this Defendant in this matter.

3.    Admitted for purposes of this litigation only that this Court maintains admiralty jurisdiction over this matter.

4.    Admitted for purposes of this litigation only that this Court maintains personal jurisdiction over this matter, otherwise denied, including all subparts.

5.      Admitted for purposes of this litigation only that this Court maintains jurisdiction over this Defendant in this matter.

6.      Admitted.

7.      Admitted for purposes of this litigation only that venue is proper.

8.      Admitted for purposes of this litigation only that Defendant may be deemed the owner and operator of the Carnival *Horizon*, otherwise denied.

9.      Admitted for purposes of this litigation only that Defendant had custody and control of the Carnival *Horizon*, otherwise denied.

10.     Admitted.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied, including all subparts.

16.     Denied.

17.     Denied, including all subparts.

18.     Denied, including all subparts.

19.     Denied.

20.     Denied.

21.     Denied as phrased.

22.     Denied.

23.     Denied as an improper and incomplete statement of law.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

## COUNT I – NEGLIGENT FAILURE TO WARN

Defendant adopts and re-alleges its answers to the allegations contained in paragraphs 1 through 30, as if fully set forth herein.

31.     Paragraph 31 is a statement of law to which Defendant is not required to admit or deny. To the extent that an answer is required, Defendant admits only that the applicable standard is "reasonable care under the circumstances".

32.     Denied.

33.     Denied.

34.     Denied, including all subparts.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN

Defendant adopts and re-alleges its answers to the allegations contained in paragraphs 1 through 30, as if fully set forth herein.

39.     Paragraph 39 is a statement of law to which Defendant is not required to admit or deny. To the extent that an answer is required, Defendant admits only that the applicable standard is "reasonable care under the circumstances".

40.     Paragraph 40 is a statement of law to which Defendant is not required to admit or deny. To the extent that an answer is required, Defendant admits only that it owes a duty of reasonable care to its passengers.

41.     Denied, including all subparts.

42.     Denied.

43.     Denied.

44.     Denied.

* All allegations not specifically admitted to are hereby denied, including Plaintiff's requests for damages in the wherefore clauses.

## AFFIRMATIVE DEFENSES

1.     This action is governed by and subject to the terms, limitations and conditions contained with the Plaintiffs' Passenger Ticket Contract.

2.     Plaintiffs' damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

3.     Plaintiffs did not exercise ordinary care, caution or prudence for S.B.'s welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiffs thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which Defendant expressly denies.

4.      The allegedly dangerous condition, if in existence, was such an open and obvious condition that the Plaintiffs did or should have observed and comprehended same; thus, avoiding the alleged accident and as such, any recovery of the Plaintiffs herein is barred or should be accordingly reduced.

5.      Plaintiffs have a duty to mitigate the losses or damages claimed against Defendant and failed to do so.

6.      Plaintiffs were negligent and therefore the recovery of damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiffs.

7.      Plaintiffs failed to seek timely medical treatment for the condition which caused and/or exacerbated damages and/or failed to follow instructions, follow up, participate in, or attend subsequent medical care and treatment which has delayed/negatively affected recovery.

8.      Plaintiffs' damages, if any, were solely and proximately caused by an intervening and/or superseding medical condition or event, which was not itself the result of any negligence on the part of this Defendant, and, accordingly, recovery against this Defendant must be denied.

9.      The Plaintiffs' damages were the result of a pre-existing injury/condition. Assuming, *arguendo*, that any pre-existing mental or physical injury or illness was aggravated by the alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiffs are only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiffs allegedly suffered as a result of the subject incident.

10.      The Plaintiffs' damages were caused in whole or in part by the action and/or inaction of third parties for whom this Defendant is not responsible for, including but not limited

to any and all healthcare providers who rendered treatment to Plaintiffs before the subject cruise and/or after the subject cruise.

11.     The Plaintiffs' claimed past medical damages are inflated and should be limited to those that are reasonable and necessary based on all relevant evidence, including amounts billed, amounts paid, and any expert testimony or other relevant evidence pertaining to past medical damages.

Discovery in this matter is ongoing and Defendant reserves the right to amend and/or add affirmative defenses that appear to be supported by the evidence.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
michael.drahos@gray-robinson.com
W. Cooper Jarnagin
Florida Bar No. 117767
cooper.jarnagin@gray-robinson.com
Ashley Genoese
Florida Bar No. 1019357
ashley.genoese@gray-robinson.com
lilia.parker@gray-robinson.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

/s/ Ashley Genoese

**SERVICE LIST
CASE NO. 1:24-cv-23043-BB**

Thomas D. Graham, Esq.
Eric J. Mausner, Esq.
Justin M. Guido, Esq.
Mausner Graham Injury Law PLLC
25 SE 2nd Avenue, Suite 808
Miami, FL 33131
Tel: (305) 344-4878
Fax: (305) 800-8677
justin@mginjuryfirm.com
joan@mginjuryfirm.com
eservice@mginjuryfirm.com

*Attorneys for Plaintiffs*